IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1024-DWD |
| ) | |
| BILL MCCARRON, ) | |
| MARK JOHNS, and ) | |
| JANE DOE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

By motion dated April 29, 2020, Plaintiff Kennado Taylor, an inmate in the custody of the Illinois Department of Corrections, seeks leave to file an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a), leave to file an amended complaint should be freely granted. For incarcerated litigants, that general rule is curtailed by the restrictions of the Prison Litigation Reform Act (PLRA), which requires that district courts perform a screening function and dismiss any non-meritorious claims. *See* 28 U.S.C. § 1915A. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune by law from such relief must be dismissed. 28 U.S.C. § 1915A(b). Accordingly, the Court will review the proposed amended complaint and will dismiss any improper claims.

**ALLEGATIONS IN THE AMENDED COMPLAINT**

At this stage, Taylor's allegations are to be liberally construed. *See Rodriguez c.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). In his proposed amended complaint, Taylor alleges that on September 13, 2019, an individual identified as STA2 Mike, a supervisor, told him to keep walking when another detainee asked Taylor a question. Mike, an individual identified as STA1 John Doe #1, STA1 Mark (now known to be Defendant Mark Johns), and STA1 Jane Doe #2 forced him out of his room and took him to a different room where Mike and John Doe #1 slammed him on the bed. John Doe #1 then choked him and punched him in the face. Johns then hit him in the face while Mike tried to stop them from beating Taylor. Jane Doe #2 said that she could not watch and left. Johns and John Doe #1 remained in the room hitting Taylor, but Mike left the room. Then the John Doe continued assaulting Taylor. When they all left, Jane Doe #2, a nurse, came in and gave Taylor a shot that stopped his breathing and caused him to have heart palpitations and chest pain. Taylor also alleges that Mike, in his role as a supervisor, created a custom or policy allowing or encouraging the others to engage in illegal acts.[1]

Based on the allegations in the amended complaint, the Court organizes Taylor's claims into the following counts:

> **Count 1:** **Fourteenth Amendment claim for excessive force against Mike, Mark Johns, John Doe #1, and Jane Doe #2;**
>
> **Count 2:** **Fourteenth Amendment claim for inadequate medical care against Jane Doe #1, a nurse; and**
>
> **Count 3:** ***Respondeat superior* claim against Mike, in his capacity as a supervisor, for creating a custom or policy that allowed or encouraged others to engage in illegal acts**

---

[1] Plaintiff states that he was a pretrial detainee at the time of his detention at Chester Mental Health. Given this allegation, the Court will apply the Fourteenth Amendment standard, rather than the Eighth Amendment standard, for purposes of this Order. The applicable standard is subject to change should additional information in the future establish that Plaintiff was not a pretrial detainee.

The Court and the parties shall use this designation in future pleadings and orders. Any other claim that is mentioned in the amended complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pleaded.

### ANALYSIS

The constitutional rights of pretrial detainees are "derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)(citations omitted). Pretrial detainees are to remain free from "punishment," while prisoners are "entitled to be free from conditions that constitute 'cruel and unusual punishment.'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) and *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A standard of objective reasonableness applies to excessive force claims brought by pretrial detainees. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015). That standard extends to other claims brought by pretrial detainees, including those alleging improper or inadequate medical care. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018).

### I.    Count 1

The proposed amended complaint states a claim for the objectively unreasonable use excessive force against Defendants Mike, Mark Johns, John Doe #1, and Jane Doe #2. Taylor adequately alleges that each Defendant was present and either participated in or turned a blind eye to an unwarranted physical assault on him.

Despite stating a claim against Defendant Johns, however, the Court will dismiss Count 1 against him. Plaintiff's claims in his initial complaint stated a claim against

Defendant Johns. After he was identified as the proper party, the Court attempted to serve Defendant Johns, but the request for waiver of service was returned unexecuted on May 6, 2020, with a notation indicating that Mr. Johns has passed away. (Doc. 38). Plaintiff was given 90 days to file a motion for substitution of party and warned that the failure to substitute would result in the dismissal of Defendant Johns from this action pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. 41). To date, no such substitution has been made. As such, Plaintiff's claims against Defendant Johns are dismissed without prejudice pursuant to Rule 25(a)(1). Count 1 survives screening and shall proceed against Mike, John Doe #1, and Jane Doe #2.

## II.     Count 2

As explained in the Court's threshold order (Doc. 21), Plaintiff states a claim for inadequate medical care against the Jane Doe nurse, identified above as Jane Doe #1. While his claim that he stopped breathing is incredible, he alleges that he was improperly administered a medication which caused him pain and suffering, which is sufficient to state a claim at this time.

## III.     Count 3

Plaintiff alleges that Mike was a supervisor who created a custom or policy that allowed and encouraged individuals to engage in illegal acts like the assault described in his amended complaint. The doctrine of *respondeat superior* does not apply in § 1983 cases. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). While there are exceptions for corporate or governmental agency-endorsed unconstitutional customs or policies, Defendant Mike is

an improper defendant for such a claim. *See generally Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978)(extending § 1983 liability to constitutional violations resulting from the policy or custom of a municipality). As such, Taylor's policy and custom claim against Mike does not survive screening and will be dismissed with prejudice as to Defendant Mike.

## Conclusion

For the above-stated reasons, Plaintiff's motion for leave to file amended complaint (Doc. 36) is **GRANTED in part**. The Clerk of Court is **DIRECTED** to docket Plaintiff's amended complaint. Count 3 of the amended complaint is **DISMISSED without prejudice**. Count 1 shall proceed against Defendants Mike, John Doe #1, and Jane Doe #2. Count 2 shall proceed against Jane Doe #2. Plaintiff's claims against Defendant Mark Johns in Count 1 are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 25(a)(1). The Clerk of Court shall **TERMINATE** Defendant Johns as a party to this action.

The Clerk of Court shall **REINSTATE** Defendants John Doe #1 (STA1) and Mike (STA2) on the docket sheet and shall add Defendant Jane Doe #2 (STA1). The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Bill McCarron as a party to this action because the amended complaint contains no allegations against him. McCarron's motion for extension of time to file answer (Doc. 53) is **MOOT**.

The Clerk of Court is further directed to prepare for Defendant Mike, the supervising officer involved in the alleged September 2019 assault, (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service

of Summons). The Clerk is **DIRECTED** to mail these forms and a copy of the amended complaint to Defendant's place of employment. Service shall not be made on the Doe defendants until Plaintiff identifies each by name in a properly filed motion for substitution. The Director of Chester Mental Health Center shall remain a party to this action until the unknown parties are identified or dismissed from this action.

Plaintiff is **REMINDED** of his continuing obligation to inform the Clerk of Court and each opposing party of any address changes. Failure to comply with this order may result in dismissal for want of prosecution or for failure to abide by an order of the Court. FED. R. CIV. P. 41(b).

**SO ORDERED.**

Dated: January 15, 2021

_____
DAVID W. DUGAN
United States District Judge