IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1024-DWD |
| | ) |
| MIKE, | ) |
| JOHN DOE #1, and | ) |
| JANE DOES #1 and #2 | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Kennado Taylor, an inmate in the custody of the Illinois Department of Corrections, alleges that he was subjected to excessive force by Defendants Mike, John Doe #1, and Jane Doe #2 while he was detained at Chester Mental Health Center in September 2019. He also alleges that Jane Doe #1 provided him with inadequate medical care during his detention. This matter comes before the Court on a number of pending motions filed by Plaintiff.

First, Plaintiff has filed two motions for recruitment of counsel. (Docs. 29, 30). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, there is insufficient information to establish that Taylor has made a reasonable attempt to obtain counsel on his own. While his second motion (Doc. 30)

includes receipts for letters sent to attorneys, there is no documentation that those mailings related to Taylor's claims in this action. Information like copies of the letters sent to counsel or rejection letters related to the claims in this case may be sufficient to establish a reasonable attempt to secure counsel, but receipts for postage do not suffice. As such, Plaintiff's motions for counsel are denied.

Next, before Defendants McCarron and Johns were served, Plaintiff filed a motion regarding concerns about whether they were ignoring service attempts. Neither Defendant remains a party to this action. As such, Plaintiff's motion to the Court of Defendant not respond[ing] to summons (Doc. 35) is moot.

Plaintiff also has filed three motions for default judgment directed at Defendants McCarron and Johns. (Docs. 43, 44, 47). The motions are now moot. Additionally, Federal Rule of Civil Procedure 55 requires that, prior to seeking a default judgment under Rule 55(b), a party must secure an entry of default from the Clerk's Office pursuant to Rule 55(a). No entry of default has been made by the Clerk of Court, so Plaintiff's motions for default judgment are premature. To the extent that Plaintiff requests an entry of default in his motion, such a request cannot be granted now that neither McCarron nor Johns are parties to this action.

Finally, Plaintiff has requested status updates as to this case. (Doc. 45, 48, 49). At this point, Plaintiff's motion for leave to amend his complaint has been granted in part, and his amended complaint will be docketed. The Clerk of Court has been instructed to attempt to serve Defendant Mike, and, by separate order, the Court will address identification of the Doe defendants and other scheduling and discovery issues.

CONCLUSION

For the above-stated reasons, Plaintiff's motions for status and for updates (Docs. 45, 48, 49) are **GRANTED**. Plaintiff's motions for recruitment of counsel (Doc. 29, 30), are **DENIED**. Plaintiff's motion to the Court of Defendant not respond[ing] to summons (Doc. 35) is **MOOT**. Plaintiff's motions for default judgment (Docs. 43, 44, 47) are **DENIED as MOOT** and as premature.

**SO ORDERED.**

Dated: January 15, 2021

_____
DAVID W. DUGAN
United States District Judge